## CHARLES A. W. VOGELER ET AL. *vs.* HARRY A. DEVRIES.

*Insufficient Evidence of Breach of Contract to Execute a Lease.*

About the middle of December the agent of the plaintiffs made an oral
contract with defendant by which the latter agreed to lease certain prop-
erty to the plaintiffs for a term beginning on February 15th, following.
On January 15th, defendant told this agent that he should not go to the
premises unless certain suits were dismissed. Plaintiffs' then brought
this action to recover damages for breach of the agreement to lease.
There was no evidence that the defendant ever refused to execute a
lease to the plaintiffs according to the terms of the contract, or that the
authority of the plaintiffs' agent continued to exist at the time of his
conversation with the defendant in January. *Held*, that the evidence
in the case is legally insufficient to show a breach by the defendant of
his agreement to lease and the jury was properly instructed to find for
the defendant.

Appeal from the Circuit Court for Howard County (JONES,
C. J.)

The cause was argued before McSHERRY, C. J., FOWLER,
BRISCOE, PAGE, BOYD, PEARCE and SCHMUCKER, JJ.

*R. E. Lee Marshall* and *J. Hanson Thomas*, for the appel-
lant.

*Shirley Carter*, for the appellee.

BRISCOE, J,, delivered the opinion of the Court.

This is an action at law brought by the appellants against
the appellee in the Circuit Court for Howard County to re-

cover damages for the alleged breach of an oral contract to
lease a certain tract of land and a dwelling and to recover for
the cost of certain improvements put by the appellants on the
property under the agreement to lease.

The declaration contains the common counts and a special
count setting out the contract between the parties. The con-
tract is thus stated :—the defendant, being possessed of a
certain tract of land situate in Baltimore County, on the 16th
day of December, 1899, agreed with the plaintiffs to lease
them as tenants in common, a certain dwelling-house known
as "Rose Hill," and containing about three acres of land adja-
cent to and used in connection with the dwelling-house, to-
gether with stable and carriage room such as they might
need in connection with the occupancy of the dwelling-house,
and the defendant was to furnish feed at $10 per month for
the horses.

The lease was to begin on the 15th day of February, 1900,
and to continue for three years at a rental of $1,200 per year,
and payable quarterly from the day of the lease. The plain-
tiffs were to pay the expenses necessary to fit the property for
occupancy as a dwelling-house and these should be deducted
from the rent of the premises for the second quarter, and the
defendant agreed to execute and deliver a written lease for the
property containing the foregoing stipulations.

It is further stated that relying upon this agreement the
plaintiffs expended a large sum of money in fitting the prem-
ises for occupancy, to wit., the sum of $1,302.49 and also in-
curred the further expense of $250 in moving into the house,
all of which sums were expended with the knowledge and con-
sent of the appellee.

It is contended upon the part of the appellants that the
breach of the contract consists in the failure of the defendant
to execute a lease according to the terms of contract and
to compel them to vacate the premises after they had taken
charge of the property. This breach is based upon a certain
interview had on or about the 15th day of January, 1900, be-
tween the appellee and one Christian Devries, the alleged

agent of the plaintiffs, to the effect that the defendant told Mr. Devries that he should not go to "Rose Hill" until he had certain suits at law dismissed.

At the trial of the case the Court below instructed the jury that under the pleadings in the case there was no evidence legally sufficient from which they could find that the defendant had broken or committed a breach of any contract or agreement either express or implied with the plaintiffs and their verdict should be for the defendant.

As this prayer is in the nature of a demurrer to the evidence, the first and principal question in the case is whether this instruction was properly given.

Now it is a *concessum* in the case that Mr. Devries was the agent for the plaintiffs to make the contract of lease for the property, and all negotiations leading up to the parol agreement to lease on the 16th day of December, 1899, were conducted by him. About a month after the contract had been made the appellee and Mr. Devries became involved in a dispute in regard to certain suits at law pending against the defendant, growing out of the failure of the Charles A. Vogeler Co. Mr. Devries testified that the defendant then told him that unless he had those suits dismissed he should not go out to "Rose Hill" and to this he replied that it was an extraordinary proceeding on defendant's part as he considered that the defendant had already given possession of the house to the plaintiffs and himself; defendant replied, that it made no difference what witness thought, that we should not move out to "Rose Hill," or have the property, unless the suits were dismissed.

Upon cross-examination he said in reply to the following questions.

Q. Did Mr. Harry Devries tell you that you should not go out to "Rose Hill" until you had those suits dismissed?

A. Yes, sir; he did.

Q. Did he not tell you that you should not go out to "Rose Hill" until you and he knew where you stood?

A. No, he said I should not go to "Rose Hill" until I had those suits dismissed.

Q. Did he tell you the Vogeler children, the plaintiffs, should not go to "Rose Hill" until you had these suits dismissed?

A. No, sir, but he told me, and I was their agent.

Q. Did Mr. Harry Devries tell you to tell the Vogeler children that they should not go to "Rose Hill?"

A. No, sir, but he told me I should not go there until I had those suits dismissed.

The defendant, Harry Devries, testified in substance that he did not tell Christian Devries that the Vogeler children should not go to "Rose Hill," but he said "I must know how matters stand between us before you go to "Rose Hill."

These are the prominent and material facts relied upon by the appellants to show a breach of the contract to lease, and to recover in this suit.

The contract which is the subject of the suit was made on the 16th of December, 1899, and by its terms the lease was not to begin until the 15th day of February, 1900. The breach relied upon is alleged to have been committed on or about the 15th day of January, 1900, when the declaration was made by the appellee to Mr. Devries that he should not move to Rose Hill until certain suits were dismissed. This conversation took place after the alleged improvements had been made and after the Vogeler children had moved their furniture in the dwelling.

Upon this evidence it does not seem to us there can be any doubt that the Court below was entirely right in withdrawing the case from the jury and holding there was no evidence legally sufficient to prove the defendant had committed a breach of the alleged contract with the plaintiffs.

The sole witness examined on the part of the plaintiffs as to the breach relied upon was Mr. Christian Devries, and it is obvious that his testimony is too vague and inconclusive to support the appellants' contention. He testified, in chief, that the defendant told him unless "he had those suits dismissed he should not go to Rose Hill, and in another portion, that the defendant said," we should not go, unless the suits were dismissed.

On cross-examination, he testified that the defendant did not say that the Vogeler children (the plaintiffs) should not go to Rose Hill, nor did he authorize him to tell them they should not go, but repeated the answer "he told me, and I was their agent." Here we have an affirmation and a denial by the same witness of an essential fact necessary to be proven in the case, and when there is no other evidence of this fact from any other witness in the case.

. .The rule has been well settled since the case of *Cole* v. *Hebb*, 7 G. & J. 29, that wherever the testimony adduced by a plaintiff is so light and inconclusive that no rational well constructed mind can infer from it the fact which it is offered to establish, it is the duty of the Court when applied to for that purpose, to instruct the jury that there is no evidence before them to warrant their finding the fact thus attempted to be proved.

Besides this there is no evidence whatever that the defendant ever refused or was not willing to execute a lease to the plaintiffs for the property in question according to the terms of the contract. The contract was made on or about the 16th of December, 1899, and the lease was to begin on the 15th day of February, 1900. The furniture was moved into the house about the latter part of December and moved out about the first of February, 1900.

There was no evidence that the defendant ever refused to sign the lease, on or before the 15th day of February, 1900, or was not willing to do so on the last-named date, according to the terms of the contract, if one had been presented to him.

Nor does the evidence show that the agency of Mr. Devries continued until the 15th of January, 1900, the date of the alleged breach of the contract. He testified that the plaintiffs authorized him to see the defendant and make the contract, and this seems to have been the extent of his powers.

Finding no error in the rulings of the Court, the judgment will be affirmed.

*Judgment affirmed with costs.*

(Decided January 12th, 1904.)